# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

JAMES PETER H.,[1]                            6:18-cv-00471-BR

        Plaintiff,                        OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

KATHRYN TASSINARI
DREW L. JOHNSON
Drew L. Johnson, P.C.
1700 Valley River Dr.
Eugene, OR 97405
(541)434-6466

       Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

    [1] In the interest of privacy this Opinion uses only the first name and the initial of the last name of the non-governmental party this case. Where applicable, this Opinion uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JOSEPH J. LANGKAMER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2212

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff James Peter H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On December 1, 2013, Plaintiff protectively filed his application for SSI benefits. Tr. 20, 216.[2] Plaintiff alleges a

---

[2] Citations to the official transcript of record filed by the Commissioner on August 30, 2018, are referred to as "Tr."

disability onset date of July 9, 2006.  Tr. 20, 216.  Plaintiff's

application was denied initially and on reconsideration.  An

Administrative Law Judge (ALJ) held a hearing on July 21, 2016.

Tr. 57-84.  Plaintiff and a medical expert, Ricardo Buitrago,

Psy.D., testified at the hearing.  Plaintiff was represented by

an attorney at the hearing.  The ALJ held a supplemental hearing

on November 29, 2016.  Tr. 40-56.  A vocational expert (VE)

testified at the hearing.

On December 21, 2016, the ALJ issued an opinion in which

she found Plaintiff is not disabled and, therefore, is not

entitled to benefits.  Tr. 20-34.  Plaintiff requested review by

the Appeals Council.  On January 24, 2018, the Appeals Council

denied Plaintiff's request to review the ALJ's decision, and the

ALJ's decision became the final decision of the Commissioner.

Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On March 19, 2018, Plaintiff filed a Complaint in this

Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on December 1, 1982.  Tr. 33.  Plaintiff

was 32 years old on his alleged disability onset date.  Tr. 33.

Plaintiff has a high-school education and attended two years of

college.    Tr. 33, 244.  Plaintiff has past relevant work experience as a newspaper carrier, fast-food clerk, shoe salesman, grocery clerk, construction worker, gas-station attendant, retail-store manager, rental clerk, dishwasher, and housekeeper.  Tr. 32, 50.

Plaintiff alleges disability due to post-traumatic stress syndrome (PTSD), obsessive-compulsive disorder (OCD), severe depression, social anxiety, leg injury with neuropathy and chronic pain, back injury with chronic pain, problems with depth perception, oral infections, interstitial cystitis, and agoraphobia.  Tr. 26, 86-87.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 28-32.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 1, 2013, Plaintiff's application date. Tr. 22.

At Step Two the ALJ found Plaintiff has the severe impairments of anxiety, PTSD, OCD, depression, degenerative-disc disease, and sciatica. Tr. 23.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of

the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 23. The ALJ found Plaintiff has the RFC to perform medium work consisting of lifting no more than fifty pounds at a time and frequent lifting or carrying of objects weighing up to twenty-five pounds. Plaintiff is able to sit, to stand, and to walk up to six hours in an eight-hour workday. Plaintiff is limited to only occasional stooping; crawling; and climbing of ladders, ropes, or scaffolds. Due to his pain, the side-effects of medications, and his mental impairments, Plaintiff can understand, remember, and carry out only short and simple instructions and can have "no more than frequent" interaction with the public. Tr. 25.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work as a newspaper carrier. Tr. 32.

In the alternative, at Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as hand packager, dining-room attendant, and small-product assembler. Tr. 33-34. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 34.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to

credit properly the opinion of Janice Witt, Plaintiff's treating
therapist; (2) failed to provide clear and convincing reasons
for rejecting Plaintiff's symptom testimony; (3) failed to
consider lay-witness opinion testimony properly; and (4) failed
to assess Plaintiff's RFC properly.

**I. The ALJ did not err in her evaluation of the "other source" opinion of Plaintiff's treating therapist.**

Plaintiff contends the ALJ failed to credit the opinion of
Janice Witt, M.A., M.H.Q.P., Plaintiff's treating therapist.

**A. Standards**

Medical sources are divided into two categories:
"acceptable medical sources" and "other sources." 20 C.F.R.
§§ 416.913. Acceptable medical sources include licensed
physicians and psychologists. 20 C.F.R. §§ 416.913(a).
Medical sources classified as "other sources" include, but are
not limited to, nurse practitioners, therapists, licensed
clinical social workers, and chiropractors. 20 C.F.R.
§§ 416.913(d).

With respect to "other sources," the Social Security
Administration notes:

> With the growth of managed health care in recent
> years and the emphasis on containing medical
> costs, medical sources who are not acceptable
> medical sources, such as nurse practitioners,
> physician assistants, and licensed clinical

> social workers, have increasingly assumed a
> greater percentage of the treatment and
> evaluation functions previously handled primarily
> by physicians and psychologists. Opinions from
> these medical sources, who are not technically
> deemed acceptable medical sources under our
> rules, are important and should be evaluated on
> key issues such as impairment severity and
> functional effects, along with the other relevant
> evidence in the file.

SSR 06-03p, at *3. Factors the ALJ should consider when

determining the weight to give an opinion from those "important"

sources include the length of time the source has known the

claimant, the number of times and frequency that the source has

seen the claimant, the consistency of the source's opinion with

other evidence in the record, the relevance of the source's

opinion, the quality of the source's explanation of his opinion,

and the source's training and expertise. SSR 06-03p, at *4. On

the basis of the particular facts and the above factors, the ALJ

may assign a not-acceptable medical source either greater or

lesser weight than that of an acceptable medical source. SSR

06-03p, at *5-6.

The ALJ, however, must explain the weight assigned to

such sources to the extent that a claimant or subsequent

reviewer may follow the ALJ's reasoning. SSR 06-03p, at *6.

"The ALJ may discount testimony from . . . 'other sources' if

the ALJ 'gives reasons germane to each witness for doing so.'"

*Molina*, 674 F.3d at 1111 (quoting *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

**B.   Analysis**

In March 2015 Witt began individual therapy sessions with Plaintiff.  Tr. 522.  Plaintiff "presented with anxiety and hyper-vigilance."  *Id.*

In September 2015 Witt completed a Medical/Mental Health Work Release/Capacity form for the Department of Human Services Self Sufficiency Program.  Tr. 455.  Witt stated she had been seeing Plaintiff for about six months, that Plaintiff has panic attacks due to PTSD, and that Plaintiff "appears to have agoraphobia from overwhelming symptoms of trauma."  *Id.*  On the form Witt indicated Plaintiff is "markedly" limited in his ability to carry out detailed instructions; to maintain attention and concentration for extended periods; to perform activities with a schedule, to maintain regular attendance, and to be punctual within customary tolerances; to sustain ordinary routine without special supervision; to work in coordination with or in proximity to others without being distracted; to complete a normal workday without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;

to interact appropriately with the general public; to accept
instructions and to respond appropriately to criticism from
supervisors; to get along with co-workers or peers without
distracting them or exhibiting behavioral extremes; to maintain
socially appropriate behavior and to adhere to basic standards
of neatness and cleanliness; and to travel in unfamiliar places
or to use public transportation. Tr. 457. Witt also indicated
Plaintiff's condition would prevent him from working "for more
than twelve months." Tr. 455.

On December 9, 2016, Witt completed a Mental Residual
Functional Capacity Assessment (MRFCA) form. Tr. 677-80.[3] In
addition to her conclusions in the 2015 Medical/Mental Health
Work Release/Capacity form, Witt stated Plaintiff also has
severe or moderately severe limitations in his ability to
respond appropriately to changes in the work setting and to set
realistic goals or to make plans independently of others.
Tr. 678-80.

Social Security regulations state symptoms are a
claimant's "own description of [a claimant's] physical or mental
impairment." 20 C.F.R. § 416.902(n). Symptoms "will not alone"

---

[3] There is another MRFCA form in the record which is
undated, but it appears to be the same form. Tr. 580-83.

establish disability.  20 C.F.R. § 416.929(a).  In contrast,
"[m]edical signs and laboratory findings, established by
medically acceptable clinical or laboratory diagnostic
techniques, must show the existence of a medical impairment(s)
which results from anatomical, physiological, or psychological
abnormalities and which could reasonably be expected to produce
the pain or other symptoms alleged."  20 C.F.R. § 416.929(b).

The ALJ gave Witt's opinions "little weight" on the
grounds that Witt's opinions were inconsistent with the
treatment recommendations that she provided Plaintiff, Witt's
records contain only brief descriptions of Plaintiff's
subjective reports, Witt's opinions did not have any clinical
findings to substantiate or to corroborate such findings, and
Witt did not provide a function-by-function opinion.  Tr. 32.

The ALJ, however, gave "great weight" to the opinion
of Dr. Buitrago, the medical expert who testified at the
hearing.  Tr. 29, 32.  Dr. Buitrago testified anxiety is a
mental impairment and is generally manageable with medication.
Tr. 79.  Dr. Buitrago also testified he did not find any
psychological testing in Plaintiff's records that showed the
extent of Plaintiff's symptoms.  *Id.*

Although the record reflects Plaintiff consistently reported significant anxiety and panic-related symptoms, Witt did not refer him for medication management and did not refer him to a psychiatrist or psychologist. Tr. 32. As noted, Witt's records generally reflected only Plaintiff's reported symptoms without any indication of findings from clinical or mental-status examinations. Tr. 32. Witt indicated on the MRFCA form that Plaintiff has moderately severe or severe limitations, but she did not provide any specific explanations regarding work-related limitations. Tr. 580.

On this record the Court concludes the ALJ did not err when she discounted the opinions of Witt because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II. The ALJ did not err when she found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

### A. Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the

claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to show that his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for

each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

## B. Analysis

Plaintiff testified at the hearing primarily about the mental anxiety that he allegedly has experienced his whole life. Tr. 65. Plaintiff testified he is unable to leave his house because he is anxious; he experiences anxiety because of discrimination against him based on his medical cannabis use; and he is confused, frustrated, and angry whenever he leaves his house. Tr. 65-68. Plaintiff also testified he has difficulty putting on his shoes and socks and "physically can't do the things" he wants to do. Tr. 65.

The ALJ discounted Plaintiff's testimony regarding his symptoms on the grounds that the medical record does not provide "strong support" for his allegations of disabling symptoms and limitations and the medical findings do not support greater limitations than those found by the ALJ. Tr. 28. The ALJ noted even though Plaintiff alleged extreme limitations due to pain in

his back and leg, Plaintiff was able to perform many of his activities of daily living including preparation of simple meals and performing household chores such as cleaning, vacuuming, laundry, sweeping, and folding clothes. Tr. 26. The ALJ also pointed out that the record reflects Plaintiff is able to manage his anxiety and OCD with therapy even though Plaintiff states he cannot handle stress or changes in routine. Tr. 26, 28.

In addition, the ALJ noted Plaintiff has been diagnosed with degenerative disc disease and sciatica, but the clinical evaluations "showed no edema, normal range of motion, no atrophy, no sensory deficits, a normal gait, and only give away weakness." Tr. 28, 475, 478. Moreover, in June 2014 Steven M. Yoder, M.D., a treating physician, stated Plaintiff's main disability was mental rather than the result of chronic leg pain. Tr. 412. On November 4, 2015, Dr. Yoder performed a neurologic examination and noted Plaintiff had intact cranial nerves, normal muscle bulk and tone, "five out of five motor strength" in all upper and lower extremities, and intact sensation to light touch bilaterally. Tr. 28, 495-96.

On this record the Court concludes the ALJ did not err when she discounted Plaintiff's symptom testimony and found it was not fully credible because the ALJ provided clear and

convincing reasons supported by substantial evidence in the record for doing so.

### III. The ALJ gave germane reasons for discounting lay-witness testimony.

Plaintiff contends the ALJ erred when she failed to provide reasons that are germane to the lay-witness statement of Hanna Budan, Plaintiff's girlfriend, regarding Plaintiff's limitations.

#### A. Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

**B. Analysis**

Budan lives with Plaintiff and sees him on a daily basis. In a Third-Party Function Report dated February 19, 2014, Budan stated Plaintiff cannot leave the house because of social anxiety, suffers from extreme anxiety throughout the day, experiences pain level so high that he lays in bed for hours, and is unable to "comfortably perform almost all physical activity." Tr. 273-80.

The ALJ only gave Budan's statements "some weight." Tr. 27. The ALJ found Budan's statements were merely observations regarding Plaintiff's ability to function rather than opinions sufficient to establish Plaintiff's maximum functional capabilities. *Id.*

The ALJ also noted Budan's statements about Plaintiff's limitations were "anecdotal" and generally consistent with the statements by Plaintiff that the ALJ found to be less than credible and inconsistent with the medical record. *Id.*

The Ninth Circuit has held the ALJ may discount lay-witness testimony that is similar to a claimant's subjective reports when the ALJ determines the claimant is not a credible witness. *Valentine v. Comm. Soc. Sec. Admin.,* 574 F.3d 685, 694

(9th Cir. 2009).  The Ninth Circuit also has held "inconsistency with medical evidence" constitutes a "germane reason" for justifying an ALJ's rejection of lay testimony.  *Bayliss*, 427 F.3d at 1218.  As noted, this Court has concluded the ALJ did not err when he discounted Plaintiff's symptom testimony, which, among other things, was inconsistent with the medical evidence.

On this record the Court concludes the ALJ provided germane reasons for discounting the lay-witness statements of Budan.

## IV. The ALJ included all of Plaintiff's limitations in his assessment of Plaintiff's RFC and in his hypothetical questions posed to the VE.

Plaintiff contends the ALJ failed to include all of Plaintiff's limitations in her evaluation of Plaintiff's RFC and also failed to include those limitations in the hypothetical questions posed to the VE.

As noted, the Court has determined the ALJ provided legally sufficient reasons for discounting Plaintiff's subjective complaints about his symptoms, properly evaluated the medical evidence, and provided germane reasons for discounting the lay-witness testimony.  Accordingly, the Court concludes the ALJ did not err in her assessment of Plaintiff's RFC or in the limitations included in her hypothetical questions posed to

the VE.

On this record the Court concludes the ALJ did not err when she determined Plaintiff was able to perform his prior work or other work that exists in the national economy.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 6 day of March, 2019.

_____

ANNA J. BROWN
United States Senior District Judge